# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

        v.                                Case No. 08-CR-242

DeWITT FIFE,

                Defendant.

## ORDER DENYING REQUEST FOR EVIDENTIARY HEARING

On September 16, 2008, the grand jury returned a single count indictment alleging that DeWitt Fife ("Fife") possessed a firearm and ammunition after having been previously convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1) and 924(e)(1).

On October 16, 2008, Fife filed two motions to suppress. In the first motion, Fife alleges that the state search warrant issued on July 14, 2008 failed to establish probable cause. (Docket No. 8.) In the second motion, Fife alleges that the affiant for the affidavit submitted in support of the search warrant intentionally or with reckless disregard for the truth made material omissions and had this information been included, probable cause would not have been found. Further, Fife challenges the veracity of the statements in the affidavit and requests an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). (Docket No. 9.) On October 21, 2008, the government responded to Fife's request and stated that it did not object to his request for an evidentiary hearing. (Docket No. 12.)

The following is taken from Fife's motion to suppress:

On July 14, 2008, City of Milwaukee Police Detective Scott Schmitz swore an affidavit and obtained a search warrant for the residence of, 8754 West Carmen Avenue, Apt.# 3, Milwaukee, Wisconsin. Detective Schmitz' affidavit in summary sets forth the following facts as the basis for the probable cause to search the residence: (1) He was investigating a felon in possession charge on July 14, 2008 at about 4:00 p.m.; (2) During the course of his investigation, he interviewed Ms. Keisha L. Jordan who stated that on July 14, 2008 she was inside 8745 West Carmen Avenue #3, Milwaukee, Wisconsin and while inside she observed a black semiautomatic handgun on a table in the living room. Additionally, she had seen Fife with this gun over ten times both inside and outside the residence; (3) Detective Schmitz also stated that he interviewed Tamara T. Evans who stated that she was inside 8754 West Carmen Avenue #3, Milwaukee, Wisconsin and that she saw a black semi-automatic on a table; (4) Schmitz interviewed DeWitt Fife who indicated that he resided at 8754 West Carmen Avenue #3, Milwaukee, Wisconsin; and (5) he reviewed a criminal history of DeWitt Fife which showed a 1989 conviction for manufacture and delivery of controlled substance and a 1995 federal felony weapons charge. The search warrant and affidavit are attached as Attachment 1.

The following facts were, however, omitted from the affidavit: (1) the nature of the relationship between Fife, Jordan and Evans; (2) the domestic nature of the dispute between Fife and Jordan surrounding the calls to the police; (3) the conflicting statements of Jordan on whether a gun had been pointed at her; (4) the conflicting statement between Jordan and Evans on whether drugs were on the table where the gun was allegedly seen; and (5) Jordan's convictions for resisting or obstructing an officer, Milwaukee County cases 02CM1196, 02CM344.

Additionally, Keisha L. Jordan was interviewed by the defense. Ms. Jordan denies telling the police that she observed a gun in Fife's living room, that she had seen him with a gun over ten times or that he carried a gun on his waistline.

(Docket No. 9 at 2-3.)

Prior to a court granting a defendant's request for a <u>Franks</u> hearing, the defendant must make a "substantial preliminary showing" that (1) the affidavit contained erroneous information and (2) that the police officers knew the information was erroneous or the police officers recklessly disregarded the truth. <u>United States v. Amerson</u>, 185 F.3d 676, 688 (7th Cir. 1999) (citing <u>United States v. Pritchard</u>, 745 F.2d 1112, 1119 (7th Cir. 1984)). A defendant's demonstration that an affidavit contains inaccurate information is insufficient. Rather the defendant must also demonstrate that the affiant knew, or should have known, that the statement was false. In this regard, the focus is

upon the state of mind of the affiant. United States v. Jones, 208 F.3d 603, 607 (7th Cir. 2000); United States v. Roth, 201 F.3d 888, 892 (7th Cir. 2000). Only if the defendant is able to make a substantial preliminary showing that the affiant acted intentionally or recklessly will a court grant a motion for a Franks hearing. United States v. Whitley, 249 F.3d 614, 620 (7th Cir. 2001). "Because states of mind must be proved circumstantially, a fact finder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations." Id. at 621 (citing United States v. Williams, 737 F.2d 594 (7th Cir. 1984)) (internal quotation marks omitted). Conclusory statements do not constitute a "substantial preliminary showing." United States v. Taylor, 154 F.3d 675, 680 (7th Cir. 1998).

> The Seventh Circuit tests an affidavit's allegedly omitted statements under the same standard that the Franks Court has established for false statements. United States v. Williams, 737 F.2d 594, 604 (7th Cir. 1984). The omission of a fact from an affidavit is material only if it amounts to deliberate falsehood or reckless disregard for the truth. United States v. Kimberlin, 805 F.2d 210, 252 (7th Cir. 1986). Mere negligence by the affiant does not constitute reckless disregard for the truth. United States v. A Residence Located at 218 Third Street, 805 F.2d 256, 258 (7th Cir. 1986). Nor is an omission material if, in context, the information was of such minimal significance that its omission could not reasonably have affected the magistrate's judgment in finding probable cause to search. Kimberlin, 805 F.2d at 251.

United States v. McNeese, 901 F.2d 585, 594 (7th Cir. 1990).

The court finds that Fife has failed to make a substantial preliminary showing that the affiant intentionally or recklessly omitted material information from the affidavit. Fife alleges that the affiant knew of inconsistencies in the witness statements, for example that Jordan gave conflicting statements about whether the gun was pointed at her and Jordan and Evans gave conflicting reports of whether drugs were next to the gun. (Docket No. 9 at 4-5.) However, Fife fails to provide any explanation as to how the affiant allegedly possessed this knowledge. Further, these alleged inconsistencies were not material. These inconsistencies did not call into the foundation of the

probable cause determination, i.e. that two citizen witnesses reported a firearm in the residence immediately before the arrival of police.

Similarly, this foundation was not undermined by the fact that Fife had been twice convicted of obstruction of an officer more than five years earlier. Additionally, there is not even an allegation that the affiant knew this information.

With respect to "the nature of the relationship between Fife, Jordan and Evans," Fife does not provide any substantive information as to what was omitted from the affidavit. Fife states only

> the domestic and personal nature of the relationship between the parties was omitted from the affidavit. Bias, stake in the outcome, motive are all relevant to credibility. A neutral magistrate should have had the opportunity to independently assess whether Jordan's statement was that of an angry girlfriend or ex-girlfriend with ax to grind or any other motive impacting on credibility.

(Docket No. 9 at 5.)

Fife makes absolutely no showing that the affiant possessed any knowledge of either of the witnesses having a bias against Fife or a stake in the outcome. Rather, the only evidence that the affiant possessed knowledge of any conflict between the parties it contained in the affidavit, specifically that Jordan called the police after she and Fife got into an argument inside the residence. (See Docket No. 8-2 at 3.) Therefore, the court finds that Fife has failed to make a substantial preliminary showing that the affiant intentionally or recklessly omitted material information from the affidavit, and thus shall deny Fife's request for an evidentiary hearing on this basis.

Fife further contends that the affiant included false information, specifically that Jordan told the affiant that she observed a black semi-automatic handgun on a table in Fife's living room, that she saw him with a gun ten times, and that Jordan saw Fife with a gun in his waistline. In support of this contention, Fife submitted an affidavit of Jordan wherein she acknowledges that she spoke to the police on July 14, 2008 but contends she did not tell the police that she saw "a gun on DeWitt

4

Fife's living room table," saw him with a gun more than ten times, or "saw him with a gun on his waistline."

Missing from Fife's brief and Jordan's affidavit is the crucial information of what she did tell the police. In other words, is Jordan denying that she told the police there was a gun anywhere in the residence, or just that it was not on the living room table? Even if the former, an alleged swearing contest between the affiant and Jordan could impact credibility, but Evans also told the affiant that she also observed the gun. There is nothing presented to raise a <u>Franks</u> challenge regarding this information which constituted part of the probable cause equation.

**IT IS THEREFORE ORDERED** that Fife's request for an evidentiary hearing regarding his Second Motion to Suppress, (Docket No. 9), is **denied**. Briefing shall continue in accordance with this court's pretrial order, (Docket No. 6.)

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time, (Docket No. 11), is **denied as moot**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>23rd</u> day of October 2008.

s/<u>AARON E. GOODSTEIN</u>
U.S. Magistrate Judge

5