# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                          Case No. 08-CR-242

DeWITT FIFE,

          Defendant.

_____

## ORDER

A grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against DeWitt Fife ("Fife") on September 16, 2008, alleging that the defendant possessed a firearm and ammunition after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On October 16, 2008, Fife filed a motion to suppress evidence based on an asserted failure of the search warrant to establish probable cause. The government filed a response on October 22, 2008, and the assigned magistrate judge denied Fife's request for an evidentiary hearing on his motion the next day. On November 3, 2008, Magistrate Judge Aaron E. Goodstein issued a recommendation to this court that Fife's motion to suppress be denied. Fife subsequently filed an objection to the magistrate's recommendation. After *de novo* review of the motion, this court will adopt the recommendation and deny Fife's motion to suppress evidence.

## Background

The alleged facts giving rise to Fife's motion to suppress are as follows. On July 14, 2008, Milwaukee Police Detective Scott Schmitz ("Detective Schmitz")

swore an affidavit and obtained a search warrant as a result of his investigation of a felon-in-possession complaint. As part of his investigation, Detective Schmitz interviewed two witnesses, Keisha Jordan ("Jordan") and her juvenile daughter T.E. ("T.E.").

Jordan informed Detective Schmitz that on July 14, 2008, she was inside 8754 W. Carmen Avenue #3, Milwaukee, Wisconsin, an address she knows to be the residence of DeWitt Fife. Jordan stated that she observed a black semi-automatic handgun resting on a table inside of the front living area of the apartment. Jordan confirmed that Fife normally carried the weapon in his waistline and that she had seen the defendant with the gun over ten times, both inside and outside of the 8754 W. Carmen Avenue residence. Jordan initiated a call to police after she and Fife argued inside of the apartment. Following the call, Fife did not leave the premises prior to the arrival of police and did not have an opportunity to move the weapon.

The second witness, T.E., informed Detective Schmitz that she was also present inside of the apartment on the day in question. T.E. stated that she observed a black semi-automatic resting on a table inside the front door of the Carmen Avenue apartment. Following his discussions with the two women, Detective Schmitz interviewed the defendant. Fife identified himself to the detective and confirmed that 8754 W. Carmen Avenue #3 was his residence.

In addition, Detective Schmitz reviewed Fife's criminal history. The review revealed that Fife had two prior felony convictions for Manufacture and Delivery of a Controlled Substance and a Felony Weapons Charge. Detective Schmitz included

-2-

the aforementioned facts in his affidavit and received a search warrant from a Milwaukee Circuit Court Judge.

## Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may consider dispositive motions, such as motions to suppress, and issue recommendations to the district judge regarding the motions. *See id.* When a party objects to a magistrate's findings, the district court judge must make *de novo* determinations as to these findings. *See id.* § 636(b)(1)(C); *see also Delgado v. Bowen,* 782 F.2d 79 (7th Cir. 1986). The district court may adopt the recommendation in part or in its entirety and has the final authority of judgment in the case. *Delgado*, 782 F.2d at 82. If necessary, the district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court has reviewed the evidence and finds it sufficient to make factual determinations on those records alone.

## Analysis

Fife alleges that evidence seized from a search of his apartment on July 14, 2008, should be suppressed because the search warrant was not supported by probable cause. Specifically, Fife asserts a lack of probable cause based on the unreliability of Jordan and T.E. Fife argues that Jordan is an unreliable witness because she and Fife engaged in a domestic dispute immediately before the police were called on the felon-in-possession complaint. Presumably, Fife suggests that the dispute gave Jordan a reason to fabricate information. Fife also argues that T.E.

-3-

is unreliable because of her close relationship with Jordan. Fife further argues that a *Leon* good faith exception is not applicable because of the deficiencies in Detective Schmitz's affidavit. However, this court finds that probable cause supported the search warrant and adopts Magistrate Goodstein's recommendation denying the motion to suppress.

When an affidavit is the only evidence in support of a search warrant presented to a judge, then the warrant's validity rests solely on the strength of the affidavit. *United States v. Peck*, 317 F.3d 754, 755-56 (7th Cir. 2003) (citing *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)). Probable cause for a warrant is established when the affidavit sets forth "sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime," based on the totality of the circumstances. *United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008) (citing *United States v. Garcia*, 528 F.3d 481, 485-86 (7th Cir. 2008)). When the affidavit includes information from a police informant, the court considers the following: 1) the extent to which the police have corroborated the informant's statements; 2) the degree to which the informant has acquired knowledge of the events through firsthand observation; 3) the amount of detail provided; and 4) the interval between the date of the events and the officer's application for the search warrant. *Id.* However, the court treats information from a citizen witness differently. This is because a citizen witness is "inherently more reliable than the usual police informants who are often mired in some criminal activity themselves." *Edwards v. Cabrera*, 58 F.3d 290, 294 (7th Cir. 1995) (citing *United States v. Towns*, 913 F.2d

-4-

434, 441 (7th Cir. 1990)). Information provided by victims of crimes is also treated differently by the court. In the absence of reasonable suspicion that the victim has a reason to fabricate, such information is ordinarily sufficient to establish probable cause. *Hebron v. Touhy*, 18 F.3d 421, 422-23 (7th Cir. 1994).

Even when probable cause does not exist to support a warrant, the warrant can "be saved by the good faith exception." *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008) (quoting *United States v. Olson*, 408 F.3d 366, 372 (7th Cir. 2005)). In *United States v. Leon*, the Supreme Court stated that evidence need not be excluded if a law enforcement officer relied upon an apparently valid warrant, in good faith, even if that warrant was later determined to be invalid. 468 U.S. 897, 922-25, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). An officer's decision to seek a search warrant is prima facie evidence that he was acting in good faith. *Prideaux-Wentz*, 543 F.3d at 959. A defendant may only rebut this presumption of good faith by showing that the judge issuing the warrant "abandoned his role as a neutral and detached arbiter, that the officers were dishonest or reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause that no officer could have relied on it." *United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2008) (citing *United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005)).

Detective Schmitz's affidavit sets forth sufficient facts to establish probable cause to support issuance of a search warrant. First, the affidavit includes information from two witnesses who personally observed the presence of a handgun

-5-

in the defendant's apartment. (Aff. ¶¶ 5, 6). Second, each woman provided sufficiently detailed information about the weapon and its location; Jordan described it as a "black semi-automatic handgun resting on a table inside of the front living area" and T.E. described it as a "black semi-automatic resting on a table inside the front door." *Id.* Further, the witnesses named the apartment's location, 8754 W. Carmen Avenue #3, and gained first-hand knowledge of the weapon because they were physically present inside the apartment. *Id.* Jordan further noted that she observed the defendant with the handgun on more than ten occasions and specified that he typically carried the gun "in his waistline." (Aff. ¶ 5).

In addition, Detective Schmitz's interview with the two women and his application for a search warrant were in close temporal proximity. Detective Schmitz swore his affidavit and obtained a warrant on the same day that Jordan and T.E. were inside of Fife's apartment and observed the handgun. In fact, the information Detective Schmitz received was so recent that "Fife did not leave the premises before the police arrived and did not have an opportunity to move the weapon." (Aff. ¶ 5). Finally, Detective Schmitz reasonably corroborated the women's information about Fife's habit of carrying a handgun and the presence of a weapon in Fife's residence by reviewing Fife's criminal history. The history revealed that Fife had a past weapons conviction, for which he recently served a lengthy sentence. (Aff. ¶ 8).

The affidavit provides sufficient detail to establish probable cause, despite Fife's assertions that the information provided by Jordan and T.E. should be subject to rigorous evaluation. Fife urges this court to treat the women's information like that

-6-

provided by criminal informants because the two women were not motivated "primarily out of civic duty." (Objection, p. 3). Fife supports his argument by pointing out the domestic dispute that occurred and the family relationship between Jordan and T.E.

However, Fife's argument fails for two reasons. First, the women were not criminal informants. Jordan and T.E. are not traditional police informants whose information is unreliable because they were "mired in some criminal activity themselves." *Edwards*, 58 F.3d at 294. In addition, the court does not deem T.E.'s information to be unreliable solely because she is related to Jordan. Therefore, even if the court treated Jordan's statements as having questionable veracity, the court still applies a presumption of reliability to T.E.'s citizen witness information regarding a handgun in Fife's residence.

Second, even if the considerations for criminal informant information is applied to Jordan's and T.E.'s information, it still provides probable cause. The considerations for evaluating informant information to establish probable cause include: police corroboration of the statements, acquisition of the information from first-hand observation, the amount of detail provided, and the time that elapsed between the events and application for the search warrant. *Farmer*, 543 F.3d at 377. As previously discussed, Detective Schmitz corroborated the information by reviewing Fife's criminal history, Jordan and T.E. observed the weapon first hand and provided detailed information, and Detective Schmitz swore the affidavit and applied for a search warrant on the same day he interviewed the two women.

-7-

Therefore, when the court applies the informant considerations, it concludes that a reasonably prudent person would believe that a search of Fife's apartment would uncover evidence of a crime based on Detective Schmitz's affidavit.

Finally, a good faith exception applies to the evidence recovered pursuant to the search warrant. Therefore, the court would not suppress the evidence even if the court found that no probable cause existed. Detective Schmitz's decision to seek a search warrant is prima facie evidence that he was acting in good faith. *Prideaux-Wentz*, 543 F.3d at 959. Fife fails to rebut the presumption. He states only that "based on the obvious deficiencies in the affidavit the *Leon* good faith exception is not applicable." (Objection, p. 4). However, Fife does not successfully rebut the good faith presumption because he does not establish any of the following: that the judge issuing the warrant was not a neutral arbiter; that Detective Schmitz was dishonest in preparing the affidavit; or that the affidavit so lacked probable cause that no officer could have relied upon it. *Curry*, 538 F.3d at 730. Further, as the Milwaukee Circuit Court Judge concluded and this court articulated above, probable cause did exist for the warrant based upon the information provided by Jordan and T.E. Therefore, a reasonable officer could have believed that he was acting pursuant to a valid search warrant. Thus, a good faith exception applies to the evidence uncovered pursuant to the warrant.

Accordingly,

**IT IS ORDERED** that Magistrate Goodstein's Recommendation and Order (Docket #18) be and the same is hereby **ADOPTED**; and

-8-

**IT IS FURTHER ORDERED** that Fife's motion to suppress (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge